UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WAYEA HALLOWANGER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:25-CV-01064 HEA |
| JUDGE JOHN N. BORBONUS, | ) ) ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff for leave to commence this civil action without prepaying fees or costs. [ECF No. 4].[1] After review of the financial information, the Court will grant plaintiff's motion and assess an initial partial filing fee of $1.00. Furthermore, after reviewing the pleadings in this matter, the Court will dismiss this action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

---

[1]The Court interprets plaintiff's submission of his prison account statement as a request to proceed in forma pauperis.

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has not submitted a *certified* prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his *certified* prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

On December 10, 2022, the State of Missouri filed a criminal complaint charging plaintiff Wayea Hallowanger with murder in the first degree and armed criminal action. *State v. Hallowanger*, No. 22SL-CR09006 (21st Jud. Cir., St. Louis County Court). Plaintiff was served with a warrant for his arrest on December 16, 2022, and no bond was set at that time due to the nature of the charges. Plaintiff was accused of luring a Dominos delivery driver to a vacant apartment, robbing him and and shooting him. A bond review was originally set for December 21, 2022; however, the matter was continued to January 4, 2023, in front of Judge Amanda McNelley. Judge McNelley chose not to modify the order of no bond.

On February 1, 2023, a grand jury indicted plaintiff on the charges of murder in the first degree and armed criminal action. *State v. Hallowanger*, No. 22SL-CR09006-01 (21st Jud. Cir., St. Louis County Court). Although plaintiff was arraigned in front of Judge Mary Elizabeth Ott, thereafter all proceedings in the case were held in front of Judge John N. Borbonus, III. A superseding indictment was filed on April 17, 2024, charging plaintiff with the same charges as

3

those in the indictment. *Id.* A jury trial began on May 20, 2024, and on May 22, 2024, the jury found plaintiff guilty of both murder in the first degree and armed criminal action under an accomplice theory of liability. Plaintiff was sentenced to a total term of life imprisonment. *Id.*

## The Complaint

On July 18, 2025, plaintiff filed a pro se civil complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. [ECF No. 1]. Plaintiff alleges violations of his constitutional rights against his trial judge in his state court criminal case, Judge John N. Borbonus, III.

Plaintiff asserts that Judge Borbonus denied him his rights of "fundamental fairness" and an "unbiased opinion." [ECF No. 1 at 5]. He alleges that defendant denied him bond, which he believes should have been "given to [him] under the Eighth Amendment." *Id.* Plaintiff also states, in a conclusory manner, that defendant denied him his rights under the Equal Protection Clause of the Fourteenth Amendment, which plaintiff believes would have changed the outcome of his criminal trial. Plaintiff does not articulate, however, what rights he specifically believes defendant denied him that resulted in his criminal conviction.

For relief in this action plaintiff seeks $500,000 for "pain and suffering for wrongful incarceration and judgment."

## Discussion

Plaintiff's claims in this lawsuit against Circuit Judge John N. Borbonus, III, are subject to dismissal because judges are entitled to judicial immunity from suit.

Judicial immunity provides judges with immunity from suit, allowing them to exercise the authority with which they are vested, and to act upon their own convictions. *See Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."

4

*Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.,* 931 F.3d 753, 760 (8th Cir. 2019). As such, plaintiff's allegations against Judge John N. Borbonus, III, must be dismissed.

Similarly, to the extent plaintiff seeks to sue the Circuit Court of St. Louis County, those claims are also subject to dismissal, as the claims are barred by the Eleventh Amendment. *See Mildfelt v. Circuit Court of Jackson Cty., Mo.*, 827 F.2d 343, 345 (8th Cir. 1987) (state courts as entities are not vulnerable to suits pursuant to 42 U.S.C. § 1983 because they are protected by Eleventh Amendment immunity); *see also Harris v. Missouri Court of Appeals, Western Dist.,* 787 F.2d 427, 429 (8th Cir. 1986) (stating that "courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh amendment").

### Conclusion

Having thoroughly reviewed and liberally construed the complaint, the Court concludes that it is subject to dismissal because it fails to state a claim upon which relief may be granted. The Court can envision no amendment to the complaint that would cause it to state a plausible claim for relief. The Court will therefore dismiss this action at this time, without prejudice, and will decline to exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Crest Construction II, Inc. v. Doe*, 660 F.3d

346, 359 (8th Cir. 2011) (where all federal claims have been dismissed, district court's decision to decline supplemental jurisdiction over state claims is "purely discretionary").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that that this case is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that any state law claims brought by plaintiff in this action are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1367(c).

**IT IS FURTHER ORDERED** that an appeal of this action would not be taken in good faith.

A separate Order of Dismissal shall accompany this Opinion, Memorandum and Order.

Dated this 24th day of September, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE